[No. 6,855.—Department No. 1.]

## DONELLY v. POTTER.

CONTESTED ELECTION—QUALIFICATION OF VOTER—RESIDENCE.

APPEAL from a judgment for the plaintiff, (contestant) in the County Court of the County of Amador. BROWN, J.

The proceeding in the Court below was to contest the election of the defendant as Supervisor in District No. 3, Amador County.

The Court found that Hines (referred to in the opinion) was, at the time of the election, a resident of Eldorado County, and not an elector of the county of Amador; and that Askwith was formerly a resident and elector of Amador County, but that more than two years before the election he removed with his family to Iowa, and whilst there voted for local officers; and he returned to the county of Amador a few months before the election; that when he left Amador County for Iowa, he intended to return, but did not know when.

On the trial, Hines (called by contestant) testified in effect as follows: "I reside in Eldorado County. I stop there. * * Have been living in Eldorado County for about five years. * * * I came from San Francisco to Plymouth, Amador County, about seven years ago, and worked there at the Phenix Mine for about two years, and then went to work upon the ditch bringing water to that mine, in employment of the same company. I was registered on the Great Register of * * * Amador County, on a transfer from San Francisco. * * * I claim Plymouth as my home. I have always voted at Ply-

mouth since I first came there. My employment on the ditch is temporary and uncertain. I always vote at Plymouth, and always return there when out of employment. I have never intended to make my home in Eldorado County. I never voted there. I have never intended to change my residence from Plymouth. * * * I always board at a hotel while at Plymouth. I am unmarried, and own no property except my clothing."

The ballot referred to in the opinion, as mentioned at folio 74 of the transcript, was as follows:

"32 Supervisors 3rd District, E. S. Potter.

"33 Justice of the Peace, D. Donelly"—

the name "J. S. Porter" being erased, and the name "D. Donelly" written with black-lead pencil.

*Farley & Porter*, and *Young & Young*, for Appellant:

Cited, with reference to the votes of Hines and Askwith, *Dow* v. *Gould & Curry S. M. Co.* 31 Cal. 650; *People* v. *Stonecifer*, 6 id. 405; *Desmare* v. *U. S.* 3 Otto, 610; and, with reference to the ballot set forth above, McCrary Am. Elect. Law, §§ 407, 396; Cooley's Const. Lim. 607, 611–612, 697 n.; *People* v. *Seaman*, 5 Denio, 409; *People* v. *Saxton*, 22 N. Y. 309; *People* v. *McManus*, 34 Barb. 620; *People* v. *Pease*, 27 N. Y. 45; *People* v. *Cicotte*, 16 Mich. 283; Pol. Code, § 1201.

*A. C. Adams*, for Respondent.

The COURT:

This is a case of contested election. The position of appellant, as stated by his counsel, is: " The Court below found, at folio 44, that Potter and Donelly each received 599 votes; at folio 46 that three votes should be deducted from Potter, which left the vote standing, 596 for Potter, and 599 for Donelly. Two of the three votes thus deducted—Hines and Askwith— we claim, as hereinbefore, ought to have been counted for Potter, thereby giving him 598; and the vote at folio 74 ought to be deducted from Donelly and added to Potter, which would make the vote stand, finally, for E. S. Potter 599 votes, D.

Donelly 598 votes, and this view, we think, is fully and clearly sustained by the authorities."

The evidence, as presented in the record before us, sustains the finding of the Court below, that neither Hines nor Askwith was a qualified resident.

Their votes were, therefore, properly deducted from the count for appellant.

Assuming the statement of counsel to be correct in other respects—and we agree that the ballot mentioned at folio 74 of the transcript should not have been counted for respondent, and ought to have been counted for appellant—the vote would stand: For respondent, 598; for appellant, 597.

Judgment affirmed.